UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ODIMBA KAMANGO,

                              Plaintiff,

          vs.                           3:11-CV-435 (GTS/ATB)

FACEBOOK,

                              Defendant.

_____

ANDREW T. BAXTER, United States Magistrate Judge

### ORDER AND REPORT-RECOMMENDATION

      The Clerk has sent the above complaint to me for my review.  On April 15, 2011, *pro se* plaintiff, Odimba Kamango, filed this civil action, together with an application to proceed *in forma pauperis*.  (Dkt. Nos. 1, 2).

## I.   Complaint

      Plaintiff, who currently resides in Vienna, Austria, brings this action against Facebook.  (Compl. p. 1).[1]  Plaintiff's allegations are that "Facebook now forbid[s] me to contact people I do not know."  (Compl. p. 1).  Plaintiff complains that "[b]efore I sent invitations to important persons like the presidents," but since January 4, 2011, "suddenly [F]acebook forbids me access to my [F]acebook account."  (Compl. p. 1). Plaintiff explains that Facebook's reason for blocking plaintiff's access to his account was that "[he does] not have the right to send invitations to people I do not know."

_____

[1] Plaintiff did not number the pages or paragraphs in the letter he filed titled "Complaint against Facebook."  For clarity, the court will refer to information by page number, beginning with page one of the complaint and continuing consecutively.

(Compl. p. 1). Plaintiff requests no specific relief in his complaint.

## II. *In Forma Pauperis* **("IFP") Review**

Plaintiff has filed an application to proceed IFP.  (Dkt. No. 2).  Pursuant to 28 U.S.C. § 1915(a)(1), the court may authorize the commencement, prosecution, or defense of any suit, action or proceeding without the pre-payment of fees.  The individual seeking permission to proceed IFP must file an affidavit which includes a statement of all assets, showing that the individual is unable to pay the fees or give security therefor.  *Id.*  The same section, however, states that this determination is "subject to subsection (b)."  *Id.*  Subsection (b) provides that notwithstanding any filing fee or portion of the fee that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue, or the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  To avoid dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atl. Corp.*,

2

550 U.S. at 555).  In determining whether an action is frivolous, the court must determine whether the complaint lacks an arguable basis in law or in fact.  *Neitzke*, 490 U.S. at 325.  The Court will now turn to a consideration of the plaintiff's complaint under the above standards.

## III.   Application

As presently drafted, plaintiff's complaint appears to be without merit in that it fails to set forth a cognizable claim.  Plaintiff gives no basis for jurisdiction, no basis for a remedy at law, and no request for relief.  Because the complaint fails to adequately explain how his rights were violated and the legal basis upon which relief can be granted, plaintiff's claim is frivolous under the *Neitzke* standard.  490 U.S. at 327.  Additionally, plaintiff's allegations do not rise to the level of plausibility required by *Ashcroft*. __ U.S. __, 129 S. Ct. at 1949.  Accordingly, plaintiff's claims against Facebook should be dismissed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED ONLY FOR PURPOSES OF FILING THIS COMPLAINT**, and it is further

**RECOMMENDED**, that the complaint be **DISMISSED** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Dated: April 19, 2011

Hon. Andrew T. Baxter
U.S.  Magistrate Judge

4