UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ODIMBA KAMANGO,

                              Plaintiff,

v.                                                   3:11-CV-0435
                                                             (GTS/ATB)

FACEBOOK,

                              Defendant.
_____

APPEARANCES:

ODIMBA KAMANGO
  Plaintiff, *Pro Se*
Gaensbachergasse 7
1030 Vienna  AUSTRIA

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Currently before the Court in this *pro se* civil rights action filed by Odimba Kamango ("Plaintiff") are the following: (1) Plaintiff's Complaint (Dkt. No. 1); (2) United States Magistrate Judge Andrew T. Baxter's Order and Report-Recommendation recommending that the Complaint be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii) (Dkt. No. 3); and (3) Plaintiff's Objections to that Report-Recommendation (Dkt. No. 5).  For the reasons set forth below, Plaintiff's Objections are rejected; the Report-Recommendation is accepted and adopted in its entirety; and Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

I.     **RELEVANT BACKGROUND**

       Plaintiff, who resides in Vienna, Austria, filed his Complaint in this action on April 15, 2011.  (Dkt. No. 1.)  Generally, construed with the utmost of special liberality, Plaintiff's Complaint alleges that, starting on January 4, 2011, "[F]acebook . . . [has] forb[idden] [him

from] . . . access[ing] . . . [his] [F]acebook account," purportedly because he had repeatedly, without authority, "sen[t] invitations to people [who he did] not know." (*Id*.) Based on this factual allegation, Plaintiff asserts claims based on the denial of his right to be free from "bias," and the denial of his right to "express [him]self." (*Id*.) Plaintiff requests no specific relief in his Complaint. (*Id*.) For a more detailed recitation of Plaintiff's claims and factual allegations in support thereof, the Court refers the reader to the Complaint in its entirety and to Magistrate Judge Baxter's Report-Recommendation. (Dkt. Nos. 1 and 3.)

On April 19, 2011, Magistrate Judge Baxter issued an Order and Report-Recommendation granting Plaintiff's motion to proceed *in forma pauperis* and recommending that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted and frivolousness, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). (Dkt. No. 3.)

In his Objections filed on May 10, 2011, Plaintiff argues that his claim of freedom of speech is premised on (1) "Article 19 of the Universal Declaration of Human Rights adopted by the United Nations General Assembly ("December 19, 1948 at Palais Chaillot, Paris)," and (2) the First Amendment of the United States Constitution. (Dkt. No. 5.) Plaintiff also argues that he has suffered "morally, mentally and Psychologically" as a result of Defendant's actions and requests relief in the amount of $10,000,000 U.S. dollars. (*Id.*)

**II.     APPLICABLE LEGAL STANDARDS**

    **A.     Standard of Review Governing a Report-Recommendation**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

  **B.**  **Standard Governing Review of Plaintiff's Complaint pursuant to 28 U.S.C. §1915(e)**

Magistrate Judge Baxter correctly recited the legal standard governing a district court's review of complaints submitted by a plaintiff seeking to proceed *in forma pauperis*.  (Dkt. No. 3.)  As a result, this standard is incorporated by reference in this Decision and Order.

**III.** **ANALYSIS**

As an initial matter, the Court concludes that Plaintiff's Objection is not specific in nature.  As a result, the Court need review Magistrate Judge Baxter's Report-Recommendation only for clear error.

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, and Plaintiff's Objections thereto, the Court concludes that the Report-Recommendation is thorough, well-reasoned and correct.  Magistrate Judge Baxter employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court adopts the Report-Recommendation for the reasons stated therein.

The Court would add only five brief points.  First, it is unclear why Plaintiff, as a citizen of Vienna, Austria, suing a corporation that he does not allege is a citizen of New York, has commenced this action in the Northern District of New York.  Second, setting aside the issue of jurisdiction, even liberally construing Plaintiff's Complaint as having been effectively amended by the factual allegations and requests for relief contained in his Objections, the Court finds that Magistrate Judge Baxter's Report-Recommendation is not clearly erroneous (and, indeed, would survive even a *de novo* review).  Third, Plaintiff's claim under "Article 19 of the Universal Declaration of Human Rights adopted by the United Nations General Assembly" is futile for the

reasons stated by United States Magistrate Judge George H. Lowe in *Medina v. Pataki*, 06-CV-0346, 2007 WL 1593029, at *9 (N.D.N.Y. March 26, 2007), *rejected as moot on other grounds*, 2007 WL 1577755 (N.D.N.Y. May 31, 2007) (Kahn, J.) (rejecting recommendation of dismissal as moot, because, after issuance of recommendation of dismissal, plaintiff voluntarily dismissed complaint).  Fourth, Plaintiff's claim under the First Amendment is futile because the First Amendment applies only to *governmental action* (and he has alleged no facts plausibly suggesting such governmental action).  See U.S. Const. amend. I ("*Congress shall make no law . . . abridging the freedom of speech, or of the press . . . .*") (emphasis added); *Denver Area Educ. Telecomm. Consortium, Inc. v. F.C.C.*, 518 U.S. 727, 737 (1996) (recognizing that "the terms of" the First Amendment "apply to governmental action").  Fifth, and finally, the Court finds that the defects in Plaintiff's Complaint are substantive rather than merely formal, such that any amendment would be futile.[3]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 3) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

---

[3]   *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.") (citations omitted); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied."); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted).

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

The Clerk is directed to enter judgment in favor of Defendant and close this case.

<u>The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a) (3), that any appeal taken from this Decision and Order would not be taken in good faith</u>.

Dated: May 19, 2011
      Syracuse, New York

*/s/ Glenn T. Suddaby*
Hon. Glenn T. Suddaby
U.S. District Judge